# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MINNESOTA

Gregory R. Massey and Timothy Worke, as Trustees of the Minnesota Cement Masons Pension Fund; Timothy Worke and Gregory R. Massey, as Trustees of the Minnesota Cement Masons Health and Welfare Fund; Gregory R. Massey and Timothy Worke, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Journeyman and Apprentice Training Fund; and Robert Ridge and Timothy Worke, as Trustees of the Minnesota Cement Masons – Plasterers – Shophands Local 633 Savings Trust Fund,

    Plaintiffs,

vs.

Edde Construction LLC, a Minnesota limited liability company; and Ingeun Yu,

    Defendants.

Civil Action No. _____

**COMPLAINT**

Plaintiffs, the Trustees of the Fringe Benefit Funds as stated in the above caption, as and for their Complaint against the Defendants, state and allege as follows:

1. Federal Court jurisdiction of this action is based on 29 U.S.C. §1132(e), which is part of the Employee Retirement Income Security Act ("ERISA"), and is also based on 28 U.S.C. §1331.

2. Plaintiffs are fiduciaries of "multiemployer plans", as defined at 29 U.S.C. §1002 (37)(A) (the "Plans"). The Plans are established to provide pension, health and welfare,

571372.1

and other benefits to employees doing work in the construction trades and their eligible dependents.

3. Defendant Edde Construction LLC is a limited liability company organized under the law of the State of Minnesota, and it is an employer of certain employees doing work in the cement mason construction trades. It is signatory to an Independent Acceptance Agreement, which it executed on April 25, 2013 ("Independent Agreement"), and which binds it to the Metro Area Collective Bargaining Agreement (the "Collective Bargaining Agreement" or "CBA") between the Independent Highway, Railroad and Heavy Cement Mason Contractors ("Contractors"), and the Cement Masons, Plasterers and Shophands Local No. 633 of Minnesota, North Dakota and Northwest Wisconsin (the "Union").

4. The CBA is for the period of May 19, 2011 through April 30, 2014 and remains in full force and effect.

5. Pursuant to the Independent Agreement and the CBA, Defendant is required to submit on a monthly basis to Plaintiffs' Third-Party Party Administrator ("TPA") fringe benefit contribution Report Forms, and to pay on a monthly basis fringe benefit contributions for each hour worked by all employees covered by the CBA. The Report Forms and fringe benefit contributions are due on or before the 15th day of the month following the month during which the work was performed; e.g., the Report Form and corresponding fringe benefit contribution for work performed in January are due on or before February 15.

6. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a

collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

7. Defendant did not submit Report Forms or make the fringe benefit contributions for work performed in September 2013 and in subsequent months through and including October 2013. Plaintiffs, through counsel, made written demand on the Defendant by letter dated December 13, 2013 to submit Report Forms and make the fringe benefit contributions for work performed in September 2013 and October 2013. Defendant also did not submit Report forms or make the fringe benefit contributions for work performed in November 2013 which were due December 15, 2013. Defendant did not comply with the demand, and Defendant has breached the CBA and violated the provisions of 29 U.S.C. §1145.

8. Pursuant to the Independent Agreements and Article 22 of the CBA, Defendant is required to promptly furnish to Plaintiffs or their authorized agents on demand all necessary employment and payroll records relating to its employees covered by the CBA, including any other relevant information that may be required in connection with the administration of the Trust Funds. The CBA further provides at Article 22 that if Defendant fails or refuses to furnish its payroll records to Plaintiffs or their authorized agents upon demand, or refuses to afford the Plaintiffs or their authorized agents reasonable opportunity to examine the records in accordance with standard auditing procedures, the Plaintiffs may enforce such rights by legal action.

9. Plaintiffs through counsel made written demand on the Defendant by letters dated

December 6, 2013 and December 12, 2013 to furnish all employment and payroll records necessary to conduct a fringe benefit audit. Defendant did not comply with the demand, thereby further breaching the Collective Bargaining Agreement

10. Pursuant to the CBA, a delinquent employer is required to post with the Plaintiffs' TPA a cash or surety bond in form satisfactory to the Plaintiffs in the face amount of $7,500.00. Defendant is a delinquent employer, and has not posted the required cash or surety bond.

11. Pursuant to 29 U.S.C. §1145, 29 U.S.C. §1132(g)(2), and the CBA, Defendant is required to pay and the Court shall award to Plaintiffs:

    A. The unpaid fringe benefit contributions:
    B. Interest on the unpaid contributions at the rate provided under the Plan, or if none, the rate prescribed under 26 U.S.C. §6621;
    C. Liquidated damages of ten percent (10%) of the unpaid contributions;
    D. Reasonable attorney fees and costs of the action.

12. In addition to the foregoing relief, Plaintiffs are entitled to obtain other appropriate equitable relief pursuant to 29 U.S.C. §1132(a)(3), and such other legal or equitable relief as the Court deems appropriate pursuant to 29 U.S.C. §1132(g)(2)(E).

13. Co-Defendant Ingeun Yu is personally and individually bound to the Independent Agreement and the Collective Bargaining Agreement, as the individual owner, partner and stockholder of the employer, Edde Construction LLC, pursuant to the provisions of the Independent Agreement.

WHEREFORE, Plaintiffs demand the following relief:

    1. Ordering Defendants to submit to Plaintiffs' TPA all necessary employment

and payroll records and any other relevant information necessary for a fringe benefit audit.

2. Ordering Defendants to post a cash or surety bond in the face amount of $7,500.00 with the Plaintiffs' TPA.

3. Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for all unpaid fringe benefit contributions due and owing the Plaintiffs, together with liquidated damages of ten percent (10%) of the unpaid contributions, interest on the unpaid contributions, and Plaintiffs' reasonable attorney fees and costs incurred in this action.

4. Granting judgment in favor of the Plaintiffs and against the Defendants, jointly and severally, for all unpaid fringe benefit contributions due and owing the Plaintiffs for work performed subsequent to November 2013 and coming due during the pendency of this action, and any further contributions due and owing as disclosed by audit in excess of the amount disclosed in the Report Forms, together with liquidated damages of ten percent (10%) of the unpaid contributions, interest on the unpaid contributions, and Plaintiffs' reasonable attorney fees and costs incurred in this action.

5. For such other legal or equitable relief as the Court deems appropriate.

Dated: January 9, 2014

Andrew E. Staab, Esq.
Attorney for Plaintiffs
Felhaber, Larson, Fenlon & Vogt, P.A.
444 Cedar Street, Suite 2100
St. Paul, MN 55101-2136
Astaab@felhaber.com
(651) 222-6321
Attorney Registration No. 204705